William E. Curtin
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839 5300
Facsimile: (212) 839 5599
Email: wcurtin@sidley.com

Robert S. Velevis (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Ste 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email:  rvelevis@sidley.com

*Counsel for the Majority*
*Shareholders of Eletson Holdings Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Lassia Investment Co., et al. | |
|               Appellants. | Case No. 25-cv-1685 (KPF) |
| v. | On appeal from U.S. Bankruptcy Court for the Southern District of New York, Case No. |
| Eletson Holdings Inc., et al., | 23-10322 (JPM) |
|               Appellees. | |

**MOTION OF SIDLEY AUSTIN LLP**
**TO WITHDRAW AS COUNSEL TO THE**
**MAJORITY SHAREHOLDERS OF ELETSON HOLDINGS INC.**

William E. Curtin, Robert S. Velevis and Sidley Austin LLP ("Sidley Austin" and together with William E. Curtin, and Robert S. Velevis, the "Movants") hereby move the Court for entry of the attached proposed order (the "Proposed Order") permitting the withdrawal of their appearances as counsel to Lassia Investment Company, Glafkos Trust Company, and Family Unity Trust Company, the majority shareholders of Eletson Holdings Inc. (together, the "Majority

Shareholders") in the above captioned case (this "Motion"). In support of the Motion, Movants state as follows:

**GENERAL BACKGROUND**

1. On March 7, 2023, the Debtors' bankruptcy cases were initiated through the filing of involuntary bankruptcy petitions under chapter 7, title 11 of the United States Code (the "Bankruptcy Code"). On September 25, 2023, the Debtors' cases were converted to cases under chapter 11 of the Bankruptcy Code.

2. On November 4, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Petitioning Creditors' Amended Joint Chapter 11 Plan of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. 1223] (the "Confirmation Order"), confirming the Debtors' joint chapter 11 plan.

    A.    **Proceedings to Enforce the Confirmation Order.**

3. On November 25, 2024, counsel for Reorganized Eletson Holdings Inc. ("Reorganized Holdings") filed the *Emergency Motion of Reorganized Eletson Holdings Inc. for an Order Imposing Sanctions on Eletson Holdings' (A) Existing Person of Record and (B) Former Shareholders, Officers, Directors, and Counsel, Including Reed Smith LLP* [Docket No. 1268] (the "First Sanctions Motion"), which purported to seek the enforcement of the Confirmation Order. Following several hearings, the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") issued an oral ruling regarding the First Sanctions Motion on January 24, 2025 entered on order regarding the same on January 29, 2025 [Docket No. 1402] (the "Enforcement Order").

4. On February 6, 2025, Reorganized Eletson filed the *Emergency Motion of Eletson Holdings Inc. for Entry of a Further Order in Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization* [Docket No. 1416] (the "Second Sanctions Motion").

2

Following a hearing on the Second Sanctions Motion on February 20, 2025, the Bankruptcy Court issued an oral ruling regarding the same.

5. On February 19, 2025, Reorganized Eletson filed the *Emergency Motion of Eletson Holdings Inc. for Entry of a Further Order in Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization* [Docket No. 1459] (the "Third Sanctions Motion"). Responses to the Third Sanctions Motion were due on March 4, 2025, and a hearing on the Third Sanctions Motion is set for March 12, 2025.

6. Consistent with the statements made in Sidley's Certification to the Bankruptcy Court, *see* Docket No. 1471, Sidley has at all times provided their client with the orders of the Bankruptcy Court and the directives required by the Court therein.

7. On February 5, 2025, the Majority Shareholders filed a *Notice of Appeal* [Docket No. 1413] (the "Appeal") with respect to the Enforcement Order. On the same day, the Majority Shareholders filed a joinder seeking to join (the "Joinder") the *Motion for Stay of Enforcement of January 29, 2025 Order Pending Appeal* filed by the Provisional Board of Eletson Holdings Inc. and Reed Smith (the "Motion for Stay"). *See* Docket No. 1412. The hearing on the Motion for Stay took place on February 20, 2025 and no further briefing on the Motion for Stay is required.

8. On February 27, 2025, this Court docketed the Appeal. On February 28, 2025, counsel for reorganized Eletson Holdings Inc. (the "Appellee") filed a letter requesting the Appeal be re-assigned to the Honorable Lewis J. Liman by reason of relatedness to proceedings over which he is presiding. On March 4, 2025, this Court reassigned the case to the Honorable Lewis J. Liman.

## **FACTS SUPPORTING MOTION TO WITHDRAW AS COUNSEL**

9. The Movants first appeared on behalf of the Majority Shareholders in the underlying chapter 11 cases on or about March 22, 2024.

10. As of the date of this Motion, Movants understand that the Majority Shareholders have engaged foreign counsel in connection with various foreign proceedings in jurisdictions outside of the United States. Movants are not involved in the foreign proceedings and do not provide advice or direction with respect to the same.

11. As a result of certain changes in the ownership interests of certain of the Majority Shareholders, which were disclosed in the underlying chapter 11 cases in a February 24, 2025 filing, Movants also understand that a potential conflict may have arisen among the Majority Shareholders in terms of direction of next steps in the underlying chapter 11 cases and this Appeal.

12. Movants understand that the Majority Shareholders do not oppose Movants' withdrawal as their counsel in the underlying chapter 11 cases or this Appeal.

13. In connection with this Motion, Movants provided the Majority Shareholders with a list of all upcoming deadlines. Movants also understand the Majority Shareholders are in the process of obtaining replacement counsel.

14. The Majority Shareholders have requested that Movants ask the Court to stay upcoming response deadlines or order entry to allow replacement counsel time to get up to speed on the issues in this Appeal.

**RELIEF REQUESTED**

15. The Movants request an order pursuant to Rule 1.4 of the Local Civil Rules for the Southern District of New York, which provides that "[a]n attorney who has appeared for a party may be relieved or displaced only by order of the court." Local Civil Rule 1.4.

16. Additionally, courts reviewing withdrawal motions are guided by the applicable rules of professional conduct. *See, e.g.*, *Whiting v. Lacara*, 187 F.3d 317 at 321-23 (2d Cir. 1999) *See Fidelity Nat. Title Ins. v. Intercounty Nat*, 310 F.3d 537 at 540 (7th Cir. 2002); *Rivera-Domenech v. Calvesbert Law Offices PSC*, 402 F.3d 246 at 248 (1st Cir. 2005); *Brandon v. Blech*, 560 F.3d 536 (6th Cir. 2009). Pursuant to the New York Rules of Professional Conduct, an attorney may withdraw from representing a client when withdrawal can be accomplished without material adverse effect on the interests of the client, when issues indicate that the best interest of the client likely will be served by withdrawal, and/or when the client knowingly and freely asserts to termination of the employment. New York Rules of Professional Conduct, Rule 1.16(c)(1), (8), (10). As noted by the circuit court in *Brandon v. Blech*, "while [the rules of professional conduct] stop short of guaranteeing a right to withdraw, they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied." 560 F.3d at 538.

17. Movants understand that their clients knowingly and freely assent to the termination of employment. In anticipation of the withdrawal, Movants have provided the Majority Shareholders with a list of upcoming deadlines and will work to smoothly transition ongoing matters to new counsel to the Majority Shareholders once new counsel is selected.

## **NO PRIOR REQUEST**

18. No prior application ahs been made by Movants for the relief sought herein.

[*Remainder of page intentionally left blank*]

WHEREFORE, for the reasons set forth herein, the Movants respectfully request that (a) the Court enter an order in substantially similar for to the Proposed Order attached hereto as **Exhibit A** and (b) such other appropriate relief.

Dated:  March 7, 2025
        New York, New York                    Respectfully submitted,


                                              /s/ William E. Curtin
                                              William E. Curtin
                                              SIDLEY AUSTIN LLP
                                              787 Seventh Avenue
                                              New York, NY 10019
                                              Telephone: (212) 839 5300
                                              Facsimile: (212) 839 5599
                                              Email: wcurtin@sidley.com

                                              Robert S. Velevis (admitted *pro hac vice*)
                                              SIDLEY AUSTIN LLP
                                              2021 McKinney Avenue, Ste 2000
                                              Dallas, TX 75201
                                              Telephone: (214) 981-3300
                                              Facsimile: (214) 981-3400
                                              Email:  rvelevis@sidley.com

                                              *Counsel for the Majority Shareholders of Eletson Holdings Inc.*